CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 18 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VINCENT PARKS, ) | |
| Plaintiff, ) | Civil Action No. 7:06-CV-00461 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TRAVIS WARD, ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

This is an action by Vincent Parks, an inmate at the Federal Penitentiary in Lee County Virginia proceeding pro se, against Travis Ward, the federal probation officer in Las Vegas, Nevada, who allegedly prepared Parks' pre-sentence report. Parks brings the action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The court has jurisdiction under 28 U.S.C. § 1331.[1] Parks alleges that Ward improperly included an attempted escape charge in his pre-sentence report which caused prison officials to assign him to a higher security classification. Parks seeks damages and an order directing Ward or the United States Probation Office to remove the erroneous information from his report. The court finds that Parks' complaint fails to state a claim upon which relief can be granted against Ward or the probation office. Accordingly, the court dismisses Parks' complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Parks alleges that the district judge who sentenced him in the District of Nevada struck an

---

[1] Parks also asserts a claim pursuant to the Privacy Act, 5 U.S.C. § 552a (e)(5), which requires agencies to maintain records used to make "determination[s] about any individual" accurately and completely. Parks raised the same claim in an earlier proceeding. See Civil Action No. 7:06cv00131, Parks v. Federal Bureau of Prisons (W.D. Va. March 23, 2006). However, the court found the Act exempted the probation report, and dismissed Parks' complaint pursuant to 28 U.S.C. § 1915A because Parks failed to state a claim on which relief could be granted.

"erroneous" attempted escape charge from the record but that Ward has made no attempt "to clear this 'fraudulent charge' from [Parks'] pre-sentence report." He alleges, that as result, he has been assigned a higher security classification and has suffered numerous adverse consequences.

## II.

Parks' allegations fail to state a viable claim against Ward. The adversarial procedures established for a federal sentencing proceeding provide all the process to which a defendant is entitled at sentencing under the due process clause. If the pre-sentence report contains erroneous information, that adversarial process augmented by Rule 32 of the Federal Rules of Criminal Procedure provides all the process the due process clause requires. More specifically, as a procedural check against the kind of erroneous decision-making about which Parks now complains, Rule 32 requires the trial court to rule on disputed matters at sentencing or to "determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing," Fed. R. Crim. P. 32(i)(3)(B), and it "must append a copy of the court's determinations under this rule to any copy of the pre-sentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(c).

With this precept in mind, several conclusions follow about Parks' claim. First, if, as Parks alleges, the court ruled on his objections and "struck" the attempted escape charge from Parks' pre-sentence report, it was the court's responsibility, not Parks' probation officer's duty, to "append a copy of the court's determinations" to any copy of the pre-sentence report made available to the Bureau of Prisons. Second, if that has not been done, Parks should air his concerns in the District Court that sentenced him, the District Court for the District of Nevada.

2

Case 7:06-cv-00461-SGW-mfu   Document 3   Filed 08/18/06   Page 2 of 3   Pageid#: 14

See United States v. Kramer, 943 F.2d 1543, 1553 (11th Cir. 1990) (failure of district court to append a written record of its findings is a ministerial matter that may be remedied without re-sentencing). Third, the availability of this remedy is sufficient to satisfy the due process clause. It follows that Parks' claim against the probation officer who prepared his report, fails to state a claim upon which relief can be granted.[2]

### III.

For the stated reasons, the Court will dismiss Parks' complaint pursuant to § 1915A(b)(1) for failure to state a claim.

**ENTER:** This 18th day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[2] As a general rule, probation officers are absolutely immune from suit for damages for alleged misconduct in investigating, preparing, and submitting a pre-sentence report. Hill v. Sciarrotta, 140 F.3d 210, 213 (2d Cir. 1997); Dorman v. Higgins, 821 F.2d 133, 137 (2d Cir. 1987); Triapati v. U.S.I.N.S, 784 F.2d 345, 348 (10th Cir. 1986); Spaulding v. Nielsen, 599 F.2d 728, 729 (5th Cir. 1979). However, because Parks' allegations fail to state a claim upon which relief can be granted, the court finds it unnecessary to decide whether Parks' allegations that his probation officer failed to remove information struck from the pre-sentence report by the court are so intertwined with the judicial process as to fall within the general rule of absolute immunity.

3